IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN D. ERB, Administratrix of the Estate of BARBARA JO BUCK, deceased, | : : : | No. 4:05-CV-0011 |
| Plaintiff, | : : | (Judge McClure) |
| v. | : : | |
| ROADWAY EXPRESS, INC. Defendant. | : : | |

**M E M O R A N D U M**

April 19, 2005

**BACKGROUND:**

On January 3, 2005, plaintiff Susan D. Erb filed his civil complaint against defendant Roadway Express, Inc. Erb is the administratrix of the estate of decedent Barbara Jo Buck, who died in a multi-vehicle accident along Interstate 70 in Indiana on August 13, 2004. Now before the court is Roadway's motion to dismiss for lack of personal jurisdiction and improper venue, or in the alternative, motion to transfer to the United States District Court for the Southern District of Indiana. For the following reasons, the court will deny the motion.

**DISCUSSION:**

**I. Plaintiff's Complaint**

On August 13, 2004, decedent Barbara Jo Buck was a passenger in a vehicle heading east on Interstate 70 through Vigo County, Indiana. (See Compl., Rec. Doc. No. 1, at ¶5.) Allegedly, as the vehicle began to merge into the right eastbound lane before entering a construction zone, the vehicle was struck from behind by a tractor trailer owned by defendant Roadway Express, Inc., and operated by Roadway's employee. (Id. at ¶¶6-7.) Plaintiff Susan D. Erb alleges she is the duly appointed administratrix of Buck's estate, opened in Northumberland County, Pennsylvania. (Id. at 1.) On January 3, 2005, Erb filed a two-count complaint on behalf of Buck's estate against Roadway, alleging a wrongful death claim (count I), and a survival action (count II).

**II. Personal Jurisdiction**

Roadway seeks to dismiss Erb's complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). In reviewing a Rule 12(b)(2) motion, the court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002) (internal quotations and citation omitted). Nonetheless, the plaintiff bears the burden of demonstrating that the court may properly exercise

personal jurisdiction over the defendant.  See Dayhoff, Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996).  To satisfy her burden, Erb must go beyond the allegations of her complaint and produce affidavits or other competent evidence from which the court can determine the propriety of asserting personal jurisdiction over the defendant.  North Penn Gas Co. v. Corning Natural Gas Corp., 897 F.2d 687, 689 (3d Cir. 1990).

Federal Rule of Civil Procedure 4(e)(1) "authorizes personal jurisdiction over non-resident defendants under the law of the state where the district court sits." Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1221 (3d Cir. 1992).  The Pennsylvania long-arm statute, 42 Pa. C.S.A. §§ 5301-22, empowers Pennsylvania courts to exercise personal jurisdiction over non-resident defendants to the extent permitted under the Due Process Clause of the Fourteenth Amendment.  See 42 Pa. C.S.A. § 5322(b); Mellon Bank, 960 F.2d at 1221.  A court may assert personal jurisdiction consistent with the Due Process Clause so long as the defendant possesses sufficient minimum contacts with the forum and so long as the exercise of personal jurisdiction does not to offend "traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); see IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998); William Rosenstein & Sons Co. v. BBI Produce, Inc., 123 F. Supp. 2d 268,

271 (M.D. Pa. 2000) (Caputo, J.).  Personal jurisdiction takes two forms, general and specific.  <u>Remick v. Manfredy</u>, 238 F.3d 248, 255 (3d Cir. 2001).  Specific jurisdiction exists when a plaintiff's cause of action arises out of or relates to defendant's contacts with the forum "such that the defendant should reasonably anticipate being haled into court there."  <u>World-Wide Volkswagen Corp. v. Woodson</u>, 44 U.S. 286, 297 (1980); <u>Remick</u>, 238 F.3d at 255.  General jurisdiction exists when defendant's contacts with the forum are continuous and systematic, despite plaintiff's cause of action arising out of defendant's out-of-forum activities.  <u>See</u> <u>Helicopteros Nacionales de Colombia v. Hall</u>, 466 U.S. 408, 414 (1984); <u>Pinker</u>, 292 F.3d at 368 n.1.

    Erb's claims do not arise out of or relate to Roadway's activities in Pennsylvania, so specific jurisdiction is inapplicable.  To establish general jurisdiction, Erb must show more than "minium contacts" with the forum.  Rather, she must show that Roadway's contacts with the forum are continuous, systematic, and substantial.  <u>See</u> 42 Pa. C.S.A. § 5301(a)(2); <u>Provident Nat'l Bank v. California Federal Savings & Loan Ass'n</u>, 819 F.2d 434, 437 (3d Cir. 1987).

    Erb adequately demonstrates that Roadway's contacts with Pennsylvania are continuous, systematic, and substantial.  Erb notes that Roadway advertises that it provides "seamless services between all 50 states."  (Pl.'s Br., Rec. Doc. No. 13,

Ex. 1 at ¶2; Ex. 1A.)  Erb also notes that Roadway maintains 20 facilities in Pennsylvania.  (Id., Ex. 1 at ¶¶2-3; Ex. 1B.)  Roadway counters that its 20 Pennsylvania facilities only account for 5.5% of Roadway's terminals nationwide, that only 7 of those 20 terminals are located in this district, and that only 5.7% of Roadway's revenue derives from pick-ups and deliveries in Pennsylvania.  (See Def.'s Reply Br., Rec. Doc. No. 14, Ex. A at ¶¶5-7.)

Roadway's attempt to downplay its contacts with Pennsylvania fall flat.  Roadway does more than simply utilize the roads in Pennsylvania.  See Amos v. Pendry, 810 F. Supp. 146, 149 (M.D. Pa. 1992) (Nealon, J.).  It maintains offices, personnel, and facilities in Pennsylvania, which all connote continuous, systematic, and substantial contact with the forum.  See BP Chemicals Ltd. v. Formosa Chemical & Fiber Co., 229 F.3d 254, 263 (3d Cir. 2000).  The revenue Roadway derives from business in Pennsylvania may not be significant, but neither is it insubstantial.  Compare Amos, 810 F. Supp. at 149 (citing with approval Gulentz v. Fosdick, 466 A.2d 1039 (Pa. Super. Ct. 1983), in which 3.7% of business in Pennsylvania supported exercise of general personal jurisdiction), with Allied Leather Corp. v. Altama Delta Corp., 785 F. Supp. 494, 498 (M.D. Pa. 1992) (Rambo, J.) (defendant's sale of 1% of its products in Pennsylvania was not substantial).

Additionally, exercise of general personal jurisdiction is reasonable and will not offend traditional notions of fair play and substantial justice.  A court should consider the following factors when determining the reasonableness of the exercise of jurisdiction: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies.  See Asahi Metal Indus. Co., Ltd. v. Superior Ct. of California, 480 U.S. 102, 113 (1987).  None of these factors weighs against the exercise of jurisdiction.  Roadway operates numerous facilities in Pennsylvania and will not be either heavily burdened or significantly inconvenienced if required to litigate this case in this forum.  This forum has an interest in adjudicating a dispute brought by a Pennsylvania resident to ensure the obtainment of proper relief.  Erb has an interest in obtaining convenient and effective relief in this forum.  Lastly, the exercise of jurisdiction will not impede the efficacy of the interstate judicial system, nor will it inhibit any other state's fundamental substantive social policies.  Accordingly, we will not dismiss the case under Rule 12(b)(2).

### III. Improper Venue

Roadway also seeks to dismiss Erb's complaint due to improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Venue is governed by 28 U.S.C. § 1391. A civil action founded upon diversity of citizenship only, such as the instant action, may

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Further,

> [f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(c). Thus, venue properly lies in the Middle District of Pennsylvania if Roadway resides in it. See 28 U.S.C. § 1391(a)(1). Roadway resides in the Middle District of Pennsylvania so long as it is subject to personal jurisdiction here. See 28 U.S.C. § 1391(c). As we already determined that

Roadway is subject to personal jurisdiction in the Middle District of Pennsylvania, venue properly lies in this district as well. Consequently, we will not dismiss Erb's complaint pursuant to Rule 12(b)(3).

### III. Transfer Venue

Finally, in the alternative, Roadway seeks transfer of this case to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." It is within the court's discretion to transfer venue, although motions for transfer should not be liberally granted. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

In evaluating a motion for transfer, the court must first determine whether the action could have been brought in the transferee district, and if so, then the court must balance several public and private factors. See High River Ltd. Partnership v. Mylan Labs., Inc., 353 F. Supp. 2d 487, 492 (M.D. Pa. 2005) (Rambo, J.).[1] Clearly, this action could have been brought in the Southern District of Indiana

---

[1] Case publication services incorrectly denote this case as arising out of the Southern District of New York, the transferee district in High River.

because "a substantial part of the events or omissions giving rise to the claim [i.e., the automobile accident] occurred" there. 28 U.S.C. § 1391(a)(2). Thus, the court must determine whether the various factors warrant transfer. The six private and six public factors identified by the Third Circuit for district courts to consider when ruling on a transfer request are: (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties given their relative physical and financial conditions; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; (6) the location of books and records, similarly limited to the extent that the files could not be produced in the alternative forum; (7) the enforceability of the judgment; (8) practical considerations that could make the trial easy, expeditious, or inexpensive; (9) the relative court congestion in the competing courts; (10) the local interest in deciding local controversies at home; (11) the public policies of the fora; (12) and the familiarity of the trial judge with the applicable state law. See Jumara, 55 F.3d at 879-80. Although the party seeking transfer bears the burden of demonstrating that these factors justify transfer, the moving party need only show that the case would be better off transferred to another district. High River, 353 F. Supp. 2d at 492 (quotation and citations omitted).

Applying these factors, we first accord significant weight to Erb's choice of forum. See Jumara, 55 F.3d at 879. We accord lesser weight to Roadway's preference. Trying the case in the Middle District of Pennsylvania is more convenient for Erb, and as an individual plaintiff she would bear a much greater cost and greater inconvenience if she had to litigate her case in the Southern District of Indiana. Surely, Roadway is in a better position to litigate the case in this district than Erb is to litigate the case in the Southern District of Indiana. Also, as Roadway's principal place of business is in Ohio, it will suffer the same inconvenience whether it litigated this case here or Indiana.

We also note the accident occurred in Indiana. This factor weighs in favor of transfer. See Connors v. R & S Parts & Servs., Inc., 248 F. Supp. 2d 394, 396 (E.D. Pa. 2003).

Some witnesses will be inconvenienced if the case remains here, because many key non-party witnesses, such as the Indiana State Police and medical personnel who were at the scene of the accident, are beyond the subpoena power of this court. See Fed. R. Civ. P. 45(b)(2). Yet, many other non-party driver witnesses (and other potential plaintiffs) hale from locations other than either Indiana or Pennsylvania, so it would be equally inconvenient for them, in terms of their potential unavailability, for this case to proceed either here or in Indiana.

However, nothing suggests that Erb's own witnesses would be unavailable for trial in Indiana. See Amp, Inc. v. Methode Elec. Inc., 823 F. Supp. 259, 269 (M.D. Pa. 1993) (McClure, J.).

Another pertinent consideration is this court's technological capabilities. This court's courtroom has full multi-media and video-conferencing capabilities. If this case goes to trial here, the parties can arrange for live video testimony, or can easily play videotaped depositions of witnesses. Of course, procuring a witness for live video-conference testimony runs afoul of the same limitations of the court's subpoena power, but these technological alternatives substantially lessen the inconvenience to potential witnesses. Overall, then, the convenience of the various witnesses only slightly weighs in favor of transfer.

The location of books, records, and similar evidence only slightly weighs in favor of transfer, as the accident and medical reports from the scene are presumably in Indiana. Nonetheless, neither party suggests transporting these records to the Middle District of Pennsylvania poses a large inconvenience or an undue expense. The amount of traditional paper-based evidence is not likely to be voluminous. Moreover, paper-based evidence can easily be displayed (or even digitized) through the courtroom's video system.

The enforceability of a judgment rendered by this court as opposed to a

judgment rendered by a court sitting in the Southern District of Indiana is not an issue. This factor does not weigh for or against transfer.

Practical considerations do not weigh in favor of or against transfer. Roadway indicates that other lawsuits will likely arise out of the automobile accident and transfer would reduce the chance of duplicative litigation. Although the court is unaware of whether other lawsuits have been initiated in Indiana arising out of the same automobile accident, the potential for duplicative litigation is a relevant concern. See Kisko v. Penn Central Transportation Co., 408 F. Supp. 984, 987 (M.D. Pa. 1976) (Muir, J.). Yet, the court's aforementioned technological capabilities, if even partially utilized by the parties, will make trial in this forum both easy, expeditious, and possibly less expensive.

The relative congestion of the competing courts weighs slightly against transfer. Given this court's typical trial calendar, we fail to see how this case could be litigated more expeditiously in the Southern District of Indiana, and Roadway offers nothing from which we could conclude differently.

The remaining factors negligibly weigh in favor of transfer. Indiana's local interest in the controversy weighs in favor of transfer because this case involves an automobile accident that occurred in Indiana. Indiana law will likely apply, placing Indiana's policy interests ahead of Pennsylvania's interests, although Pennsylvania

has an interest in ensuring just compensation for its citizens. Finally, although applicable Indiana law is not necessarily complex, a court sitting in the Southern District of Indiana would be more familiar with Indiana law than this court. This court's unfamiliarity, however, would be compensated for through proper briefing by the parties.

Upon consideration of the pertinent factors, the factors weighing in favor of transfer are not strong enough to overcome the factors weighing against transfer. The weight of the factors certainly does not show that this case would be better off if it was transferred to the Southern District of Indiana. Accordingly, the court will deny Roadway's motion.

## CONCLUSION:

Personal jurisdiction exists over Roadway and venue properly lies in the Middle District of Pennsylvania. Upon consideration of the pertinent factors, the court will not transfer the case to the Southern District of Indiana. Therefore, Roadway's motion will be denied.

    s/ James F. McClure, Jr.  
James F. McClure, Jr.  
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN D. ERB, Administratrix of the Estate of BARBARA JO BUCK, deceased, | : : : | No. 4:05-CV-0011 |
| Plaintiff, | : : | (Judge McClure) |
| v. | : : | |
| ROADWAY EXPRESS, INC. Defendant. | : : : | |

# **O R D E R**

April 19, 2005

For the reasons set forth in the accompanying memorandum,

**IT IS ORDERED THAT:**

     Roadway's motion to dismiss for lack of personal jurisdiction and improper venue, or in the alternative, motion for transfer to the United States District Court for the Southern District of Indiana (Rec. Doc. No. 6), is denied.

                                              s/ James F. McClure, Jr.
                                              James F. McClure, Jr.
                                              United States District Judge