IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN D. ERB, Administratrix of the Estate of BARBARA JO BUCK, deceased, | : : : | No. 4:05-CV-0011 |
| Plaintiff, | : : | |
| | : | (Judge McClure) |
| v. | : : | |
| ROADWAY EXPRESS, INC. Defendant. | : : : : | |
| MICHAEL L. LONGNECKER, Administrator of the Estate of AUDREY M. LONGNECKER, deceased, | : : : : : | |
| Plaintiff, | : : | |
| v. | : : | |
| ROADWAY EXPRESS, INC. Defendant. | : : : | |

**O R D E R**

June 23, 2005

**BACKGROUND:**

This consolidated diversity action arises out of a multi-vehicle accident in Indiana allegedly caused in some part by a tractor-trailer operated by an employee of defendant Roadway Express, Inc. Plaintiffs are the administrators, respectively, of the estates of a driver and passenger of one vehicle involved in the accident.

-1-

On April 19, 2005, the court denied defendant's motion to dismiss and its alternative motion to transfer. Now before the court is defendant's motion to amend that order to provide for interlocutory appeal under 28 U.S.C. § 1292(b). For the following reasons, the court will deny the motion.

**DISCUSSION:**

A district court may certify an order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) if the order: (1) involves a controlling question of law; (2) there is substantial ground for difference of opinion with respect to that question, and (3) immediate appeal may materially advance the ultimate termination of the litigation. See 28 U.S.C. § 1292(b); Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974). To avoid piecemeal litigation, district courts should only certify an order under § 1292(b) in exceptional circumstances. See Milbert v. Bison Labs., Inc., 260 F.2d 431, 433 (3d Cir. 1958).

A "controlling question of law" is one that is "serious to the conduct of the litigation, either practically or legally," such as whether an erroneous decision on the question "would result in a reversal of a judgment after final hearing." Katz, 496 F.2d at 755. Defendant argues that the court's decision not to transfer the case to the Southern District of Indiana involves a controlling question of law. It contends

that transfer would result in application of Indiana law, specifically the damages limitation provision of Ind. Code § 34-23-1-2. Defendant reasons that application of § 34-23-1-2 would likely lead to early resolution of the case because it has already tendered a confidential settlement offer in the amount of the statutory limit ($300,000), which was refused.

The court disagrees with defendant's view that its decision not to transfer the case is a controlling question of law. First, it is not at all clear whether Indiana law would apply if the case was transferred to the Southern District of Indiana. See Simon v. United States, 805 N.E.2d 798, 804-05 (Ind. 2004) (Indiana choice-of-law rules presume the law of the place of the tort applies, unless presumption is overcome by showing that the place of the tort bears little connection to the action). Second, as the parties' motions *in limine* for a choice of law determination are still pending before this court, Indiana law may apply if the case remains in this forum.

Third, the court is unconvinced that its decision not to transfer was an error that could result in reversal. In its earlier memorandum and order, the court analyzed the twelve pertinent factors that guide a district court's decision whether to transfer. Quantitatively, the factors may have favored transfer, but a decision to transfer is a qualitative exercise. See Lacey v. Cessna Aircraft Co., 932 F.2d 170, 182 (3d Cir. 1991). In light of the "significant weight" attached to plaintiffs' choice

of forum, see Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995), and the little to no weight attached to the other factors, the court was unconvinced that defendant met its burden of justifying transfer.  Nothing defendant now argues leads the court to conclude that its decision not to transfer, a discretionary decision, was in error.  Further, even if that decision was in error, it is not error that could result in a reversal of a judgment after final hearing.

Fourth, the court does not believe that its decision will thwart the expeditious litigation of this case.  Although defendant again makes reference to its fear of multiple lawsuits arising out of the accident and the possibility of inconsistent judgments, to the court's knowledge, no other suits arising out of the accident have been filed in Indiana or any other forum.

In sum, for the above reasons, the court believes its decision not to transfer is not a controlling question of law.

Additionally, for substantially similar reasons, the court does not believe that certification under § 1292(b) would materially advance the ultimate termination of this litigation.  Again, the court is unaware of multiple lawsuits (let alone multiple lawsuits all filed in Indiana), which might warrant consolidation and/or transfer and, *a fortiori*, would result in ultimate termination of all litigation by operation of the Indiana damages cap because, as stated above, it is an open question whether a

district court in Indiana would determine that Indiana law applies.

Overall, the court finds that two of the three requirements for certification under § 1292(b) are not met. Accordingly, the court will deny defendant's motion.

**NOW, THEREFORE, IT IS ORDERED THAT:**

Defendant's motion to amend order pursuant to 28 U.S.C. § 1292(b) (Rec. Doc. No. 21), is denied.

s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge