IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN D. ERB, Administratrix of | : | |
| the Estate of BARBARA JO BUCK, | : | No. 4:05-CV-0011 |
| deceased, | : | |
| Plaintiff, | : | |
| | : | (Judge McClure) |
| v. | : | |
| | : | |
| ROADWAY EXPRESS, INC. | : | |
| Defendant. | : | |
| | : | |
| MICHAEL L. LONGNECKER, | : | |
| Administrator of the Estate of | : | |
| AUDREY M. LONGNECKER, | : | |
| deceased, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ROADWAY EXPRESS, INC. | : | |
| Defendant. | : | |

## M E M O R A N D U M

September 6, 2005

## BACKGROUND:

This consolidated diversity action arises out of a multi-vehicle accident in

Indiana allegedly caused in some part by a tractor-trailer operated by an employee

of defendant Roadway Express, Inc.  Plaintiffs are the administrators, respectively,

of the estates of a driver and passenger of one vehicle involved in the accident.

-1-

On April 19, 2005, the court denied defendant's motion to dismiss and its alternative motion to transfer.  On June 23, 2005, the court denied defendant's motion to amend that order to provide for interlocutory appeal under 28 U.S.C. § 1292(b).

Now before the court are the parties' motions *in limine*, in which the parties request a choice of law determination as to whether Indiana or Pennsylvania law applies.  By advancing these positions, the parties agree that no other state's law should apply.[1]  For the following reasons, the court will find that Pennsylvania law applies to any substantive liability and compensatory damage issues in the case, and that Indiana law applies to any claims for punitive damages in the case.

## RELEVANT FACTS:

On August 13, 2004, a motor vehicle accident between the parties occurred in Terre Haute, Indiana.  The accident involved a collision between a tractor-trailer and a pickup truck, but also involved several other vehicles and occurred in a construction zone.  Immediately before the accident both parties were heading east on Interstate-70.  The driver of the tractor-trailer, Lester Jackson, was an employee

---

[1]If this were not the case, we might have considered the applicability of the law of Delaware, the state where Roadway Express, Inc. is incorporated; and Ohio, the state of defendant's principal place of business.

of defendant and was acting in the course of his employment at the time of the accident.  The defendant, Roadway Express, Inc., is a Delaware corporation with its principal place of business in Akron, Ohio.  Audrey Longnecker and Barbara Jo Buck, the driver and passenger of the pickup truck, respectively, were killed in the accident.  Both Longnecker and Buck were Pennsylvania residents, and were returning to Pennsylvania after a short vacation to Missouri.

Defendants contend that several non-parties also contributed to the accident. These non-parties include the State of Indiana and the construction company working on a construction project at the scene of the accident.

## DISCUSSION:

Sitting in Pennsylvania, we must apply Pennsylvania choice-of-law rules to determine which state's substantive law governs.  See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941); On Air Entm't Corp. v. Nat'l Indem. Co., 210 F.3d 146, 149 (3d Cir. 2000).  Under Pennsylvania's choice-of-law approach, we must first analyze the governmental interests of the interested states to determine if this case presents a true or false conflict of laws, or if it is an unprovided-for case.  See Budget Rent-A-Car Sys., Inc. v. Chappell, 407 F.3d 166, 170 (3d Cir. 2005); Cipolla v. Shaposka, 267 A.2d 854, 855-56 (1970).

A true conflict exists when the governmental interests of the interested states

would be impaired if their law were not applied.  <u>Budget</u>, 407 F.3d at 170.  If a true

conflict exists, the court must apply the law of the state having the most significant

contacts or relationships with the issues of the case.  <u>Id.</u>  The court determines

which state has the most significant contacts or relationships by conducting a

qualitative comparison of the contacts each state has with the facts of the case in

light of the public policies underlying the issues of the case.  <u>See id.</u>; <u>Laconis v.

Burlington County Bridge Comm'n</u>, 583 A.2d 1218, 1222-23 (Pa. Super. Ct.

1990).

 A false conflict exists if only one state's governmental interests would be

impaired by the application of the other state's law, or if the laws of the two states

would yield the same result, thereby rendering the choice-of-law question

unnecessary.[2]  <u>See</u> <u>Williams v. Stone</u>, 109 F.3d 890, 893 (3d Cir. 1997); <u>Lacey v.

Cessna Aircraft Co.</u>, 932 F.2d 170, 187 (3d Cir. 1991).  Of particular importance to

the facts of this case, a false conflict exists "where the accident is fortuitous and

---

 [2] The latter type of false conflict is sometimes said to be an avoidance of the
conflicts question rather than an actual "false conflict."  <u>See</u> <u>Liebman v. Prudential
Financial, Inc.</u>, No. Civ. A. 02-2566, 2003 WL 22741415, at *2 n.3 (E.D. Pa. Nov.
14, 2003).  This question of semantics has no bearing on this case.  Under this type
of false conflict, where the laws of the two states would yield the same result, the
court should avoid the choice of law question and apply the law of the forum state.
<u>See</u> <u>Williams</u>, 109 F.3d at 893.

the state where the accident occurred has no interest in the regulatory standard at issue." LeJeune v. Bliss-Salem, Inc., 85 F.3d 1069, 1071 (3d Cir. 1996) (quoting Reyno v. Piper Aircraft Co., 630 F.2d 149, 170 (3d Cir. 1980)).  When presented with the first type of false conflict, the court "must apply the law of the state whose interest would be harmed if its law were not applied."  Lacey, 932 F.2d at 187.

In an unprovided-for case, no state's interests would be impaired if its law were not applied.  Budget, 407 F.3d at 170.  In such a case, the court must apply the law of the place where the wrong occurred.  See id. (citing Miller v. Gay, 470 A.2d 1353, 1355-56 (Pa. Sup. Ct. 1983)).

We have no difficulty in first concluding that there are significant differences between Indiana and Pennsylvania laws as they pertain to this action.  For instance, Indiana law permits comparative fault to be apportioned to non-parties, while Pennsylvania law does not.  Compare Ind. Code § 34-51-2-1 with Pa. C.S.A. § 7102.  Indiana has barred joint and several liability, while Pennsylvania permits such liability in certain cases.  Compare Ind. Code § 34-4-33-1 with 42 Pa. C.S.A. § 7102(b.1)(3)(iii).  Also, Indiana only permits wrongful death claims in this circumstance, while Pennsylvania permits both wrongful death and survival claims. Compare Ind. Code §§ 34-23-1-1, 34-9-3-4 with Pa. C.S.A. §§ 8301-02.

More towards the crux of the parties' motivations in filing their motions *in*

*limine*, Indiana and Pennsylvania law on claims and damages greatly differ.

Indiana's wrongful death statute prohibits awards in cases of the death of

unmarried adults for a person's grief. Ind. Code § 34-23-1-2(c)(2)(A).  Punitive

damages are not recoverable in a wrongful death action in Indiana.  Ind. Code § 34-

23-1-2(c)(2)(B); <u>Durham v. U-Haul Intern.</u>, 745 N.E.2d 755, 757 (Ind. 2001)

(stating punitive damages not recoverable under wrongful death statute Ind. Code §

34-23-1-1).  Indiana also imposes a $300,000 cap on damages for the loss of an

unmarried adult's love and companionship.  <u>See</u> Ind. Code § 34-23-1-2(d).[3]  In

contrast, Pennsylvania law permits awards for pain and suffering in survival actions,

<u>see</u> <u>Teamann v. Zafris</u>, 811 A.2d 52, 64-65 (Pa. Commonw. Ct. 2002), and

Pennsylvania's wrongful death and survival actions statutes do not contain any

damages-limiting language equivalent to that of the Indiana statute.  <u>See</u> 42 Pa.

C.S.A. §§ 8301-02.  Thus, there are significant differences between Indiana and

Pennsylvania law regarding claims, liability, and damages.

Difference in laws alone, however, is not what creates a true conflict in a

matter; a true conflict is present "when the <u>governmental interests of [multiple]</u>

<u>jurisdictions</u> would be impaired if their law were not applied."  <u>Budget</u>, 407 F.3d at

---

[3]Section 34-23-1-2(c)(3)(b) of the Indiana code would apparently apply to
Erb only, as Longnecker appears to be the administrator of his wife's estate.

170 (quoting <u>Lacey</u>, 932 F.2d at 187 n.15) (emphasis added).

Surely, Pennsylvania has an interest in ensuring proper recovery for two deceased Pennsylvania residents and the administrators of their estates.  <u>See</u> <u>Griffith v. United Air Lines, Inc.</u>, 203 A.2d 796, 807 (Pa. 1964) (citing Pennsylvania Constitution).  The Pennsylvania statutes discussed above forward that purpose.

Defendant contends that Indiana has an interest in seeing that its laws are applied in this case as well.  The defendant states "[w]ith respect to the law of liability, Indiana has tremendous interest in regulating the conduct of those within its borders."  (Rec. Doc. No. 31, at 15.)  However, we find that the bulk of defendant's arguments about Indiana's governmental interest in applying its laws collapses into an argument in support of Indiana laws because Indiana was the location of the accident.  Defendant argues that Indiana's laws on damages provide defendants acting and doing business within Indiana some reasonable degree of predictability.  However, we are not convinced, and defendants have not provided authority that demonstrates, that the Indiana legislature's purpose in passing these laws was to protect non-resident defendants involved in motor vehicle accidents within the state.   "A state's laws are generally not construed as favoring non-resident tort-feasor over non-resident victims and their survivors."

Doyle v. Brazeau Transport (International), Inc., 1987 U.S. Dist. LEXIS 3331, at

*15 (E.D. Pa. Apr. 28, 1987) (Broderick, J) (citations omitted); cf. Blakesley v.

Wolford, 789 F.2d 236, 242-43 (3d Cir. 1986) (discussing, Cipolla v. Shaposka,

439 Pa. 563 (1970), where the Pennsylvania Supreme Court "held that when a

defendant acts within his home state, he may properly rely on that state's

defendant-protecting law") (emphasis added).  We find it much more likely that

decisions regarding the types of claims, scope of liability, and caps on damages

were meant to protect Indiana residents.

        This case presents a false conflict.[4]  We find this to be a case in which the

accident is wholly fortuitous; and that Indiana, the site of the accident, is not an

interested jurisdiction as to the issues of law relating to substantive liability and

compensatory damages.  A false conflict also exists on the issue of punitive

damages, but we find that in that case Indiana is the only interested jurisdiction.  As

discussed below, as to the issue of punitive damages, we find that Pennsylvania has

no interest in punishing conduct that occurred outside of its borders.

        The accident involved two non-residents of Indiana, both of whom were

_____

        [4]Because we find a false conflict is present our analysis does not address all
of the arguments raised by the parties.

driving through the state on the federal interstate.  This case is nearly on all-fours

with several cases cited by plaintiff, in which no party is domiciled in the state

where the injury occurred.  See, e.g., Breskman v. BCB, Inc., 708 F. Supp. 655,

658 (E.D. Pa. 1988) (fact that accident occurred in Maryland between two non-

residents is "simply the result of random chance and offers little if any real

connection of that state with the conflict between these parties"); Flora v.

Ferguson, 1990 U.S. Dist. LEXIS 1168, at *11 (E.D. Pa. Feb. 2, 1990) (Powers

III, M.J.) ("[I]n the case at bar, the plaintiff driver and the defendant driver were

both traveling north on Interstate 95, neither was destined for Maryland, and the

fact that an accident occurred there was merely fortuitous."); Doyle, 1987 U.S.

Dist. LEXIS 3331, at *16.

Defendant concedes that in cases involving airplane crashes the site of

accident is fortuitous, but asserts that in the instant case, plaintiffs voluntarily and

intentionally chose to drive through Indiana.[5]  We find this to be a distinction

---

[5]Defendant cites to language in Foca v. Sears Roebuck & Co., 1990 U.S.
Dist. LEXIS 7341, at *8-9 (E.D. Pa. 1990), which states that when a party
intentionally and voluntarily enters a state, the fact that the accident occurs there is
not purely fortuitous.   The Foca district court cites to Tonkon v. Denny's Inc.,
650 F.Supp. 119, 121 (E.D. Pa. 1986).  The facts of Tonkon are different from
those of the case at hand, however, as in that case the plaintiff was injured by a
defendant restaurant that was a fixed establishment in Mexico City, and plaintiff had
intentionally chosen to visit Mexico.  Similarly, the Third Circuit in Blakesley, 789

without a difference.  As with the courts in the cases cited above, we are not

persuaded that plaintiffs' decision to travel through Indiana by car on federal

interstates eliminates the fortuity of the accident.

In Kuchinic v. McCrory, 222 A.2d 897 (Pa. 1966), a seminal false conflict

case, the Pennsylvania Supreme Court discussed fortuity.  Although the case

involved a plane accident in Georgia, and involved only Pennsylvania parties

returning from a trip to Florida, the court in determining that Georgia's guest-host

law was inapplicable to the case noted that the Georgia legislature, in enacting the

guest statute, "most assuredly did not mean to encourage the exercise of less than

due care by those who use its highways or airways."  Id. at 900.  (emphasis

added).  The Pennsylvania Supreme Court stated that "under no stretch of the

imagination could Georgia be considered an interested jurisdiction."  Id.

Defendant has suggested that several possible non-parties may be liable for

the accident, and that their identities make Indiana a more interested jurisdiction.

We are not persuaded by defendant's arguments that non-parties alleged to have

caused or contributed to the accident, i.e. the State of Indiana and the construction

company working in the construction zone, give Indiana a governmental interest in

--------

F.2d at 243, discussed how the plaintiff voluntarily and intentionally entered Texas
in order to undergo a surgery performed by the alleged tortfeasor.

the action.  As the matter currently stands they are non-parties.  Furthermore, defendant has not asserted that Indiana's motor vehicle "rules of the road" differ in any material way from those of Pennsylvania, and Indiana can still regulate the conduct of drivers on its roads through its prosecutorial authority to address crimes committed within its borders.

Finally, defendant contends that punitive damages are not available to plaintiff.  Defendant asserts that Pennsylvania is constitutionally prohibited from punishing conduct that occurred in Indiana.  (Rec. Doc. No. 31, at 15 & Rec. Doc. No. 40, at 8.)  Therefore, defendant argues, that as a federal court sitting with diversity jurisdiction, we are prohibited from applying punitive damages under Pennsylvania law.  Meanwhile, plaintiffs' brief asserts that the court should decline to apply Indiana's prohibition against punitive damages in a wrongful death suit, See Ind. Code § 34-23-1-2(c)(2)(B); Durham v. U-Haul Intern., 745 N.E.2d 755, 757 (Ind. 2001) (stating punitive damages not recoverable under wrongful death statute Ind. Code § 34-23-1-1).

The choice of law issue as to punitive damages is more complicated than the false conflict that exists as to substantive liability law and compensatory damages law in this case.  Defendant's argument against the imposition of Pennsylvania's punitive damages statute is grounded in issues of comity.  Cf. Calhoun v. Yamaha

-11-

Motor Corp., U.S.A., 216 F.3d 338, 348 n.15 (3d Cir. 2000).

The United States Supreme Court in State Farm Mutual Auto Insurance Company v. Campbell, 538 U.S. 408 (2003), stated that "[n]or, as a general rule, does a State have a legitimate concern in imposing punitive damages to punish a defendant for unlawful acts committed outside of the State's jurisdiction." Id. at 421.

Pennsylvania allows for punitive damages to "punish wrongdoers and deter future conduct." Calhoun, 216 F.3d at 348. Therefore, punitive damages are more akin to criminal law. In State Farm, the United States Supreme Court stated:

> A basic principle of federalism is that each State may make its own reasoned judgment about what conduct is permitted or proscribed within its borders, and each State alone can determine what measure of punishment, if any, to impose on a defendant who acts within its jurisdiction.

State Farm Mut. Auto Ins. Co., 538 U.S. at 422.

We find that in light of State Farm, as to the law governing punitive damages in this case, the law of Indiana, the site of the accident, must apply. Indiana has a significant interest in maintaining the safety of its roads. See Calhoun, 216 F.3d at 343 & n.15 (stating court's inquiry is into "whether the *state* in which the injury occurred has a dominant interest in the application of its law on punitive damages as compared to the state of the plaintiff's domicile"). Therefore, all aspects of a

-12-

claim for punitive damages must comply with Indiana law.


    s/ James F. McClure, Jr.    
James F. McClure, Jr.
United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SUSAN D. ERB, Administratrix of    :
the Estate of BARBARA JO BUCK,    :    No. 4:05-CV-0011
deceased,    :
          Plaintiff,    :
    :    (Judge McClure)
       v.    :
    :
ROADWAY EXPRESS, INC.    :
          Defendant.    :
    :
MICHAEL L. LONGNECKER,    :
Administrator of the Estate of    :
AUDREY M. LONGNECKER,    :
deceased,    :
          Plaintiff,    :
    :
       v.    :
    :
ROADWAY EXPRESS, INC.    :
          Defendant.    :

## O R D E R

September 6, 2005

For the reasons set forth in the accompanying memorandum,

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

    1.  Plaintiffs' motion for a determination that Pennsylvania law will apply to the issues in this case is granted, in that Pennsylvania law will govern plaintiff's compensatory damages and the substantive laws of liability upon which such

-14-

damages are based.  (Rec. Doc. No. 38.)

2.  Defendant's motion for a determination that Indiana law will apply to the issues in this cased is denied, except that Indiana law will apply to any claims for punitive damages that plaintiffs may advance,  including any standards that may govern such a claim.   (Rec. Doc. No. 24.)

_____
James F. McClure, Jr.
United States District Judge
